**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

EZEKIEL ADAIR,

      Plaintiff - Appellant,

v.

WICHITA PUBLIC SCHOOLS, UNIFIED
SCHOOL DISTRICT 259; LEROY
PARKS, Principal Wichita Southeast High
School; CHRISTOPHER ASMUSSEN,
Teacher/Head FB Coach Wichita Southeast
HS (USD 259),

      Defendants - Appellees.

No. 15-3209
(D.C. No. 6: 14-CV-01174-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Ezekiel Adair, appearing pro se, appeals from a summary judgment entered in

---

[*] Oral argument would not materially assist the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion, and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

favor of his former employer (Wichita Public Schools, USD No. 259) and supervisors (collectively 259). His complaint included claims of racial harassment, hostile work environment, defamation, and retaliation.[1] He lost his first two claims upon a joint motion to dismiss; the latter two by summary judgment—the defamation claim because he had utterly failed to present evidence supporting it and the retaliation claim because he failed to include it in pretrial filings, a forfeiture.

Interestingly, Adair does not here suggest legal or factual error. Instead, he claims to be entitled to his day in court (a trial) in spite of his admitted failure to adequately respond to 259's motion for summary judgment. He seeks to be excused from his dereliction based on his pro se status.

This appeal is frivolous. *C.f. Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). A litigant's pro se status requires a court to afford him some leeway. But pro se litigants are still required to follow the rules and a court cannot serve as their advocate. *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To be successful a motion for summary judgment must be supported by showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One opposing the motion must do so with hard evidence. Fed. R. Civ. P. 56(c), (e); *see also Schneider v. City of Grand*

---

[1] The parties are familiar with the facts so we need not repeat them here.

*Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). When 259 filed the joint motion for summary judgment, it simultaneously provided Adair notice of what he needed to do in properly opposing the motion and specifically said he could not simply rely on the allegations in his complaint. It also warned him that if he did not adequately respond, the court might accept its version of the facts as true and judgment could be entered in its favor without a trial. Despite these warnings, Adair's response was limited to showing the allegations in his pleadings satisfied Fed. R. Civ. P. 8; he failed to present any factual material supporting his claims. The judgment of the district court is **AFFIRMED**.

Adair is required to pay all filing ($5.00) and docketing fees ($500.00) to the Clerk of the District Court. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees, only prepayment of fees.

Adair was initially permitted to proceed in district court without prepayment of fees. That entitlement continues on appeal unless the district court certifies the appeal is "not taken in good faith" (an arguable basis in law or fact). Fed. R. App. P. 24(a)(3)(A). It seems no one in the district court reviewed the proposed appeal to see if it passed muster, a regrettable oversight.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge